# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GODDARD SYSTEMS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HINA GONDAL, BILAL GONDAL, ) <br> BHSG & CO., YELLOW GRASS ) <br> INVESTMENTS, LLC, ROBERT ) <br> STELLA, FCS LENDING, LLC, BLUE ) <br> GRASS INVESTMENTS, LLC, and ) <br> THE GEM SCHOOL, INC., ) <br> ) <br> Defendants. ) | Civil Action No. 17-1003-CJB |

## **MEMORANDUM ORDER**

Plaintiff Goddard Systems, Inc. ("GSI") has moved for relief against Hina Gondal, Bilal Gondal (collectively with Hina Gondal, the "Gondals"), BHSG & Co. and Yellow Grass Investments, LLC ("the Gondal Entities" and together with the Gondals, the "Gondal Defendants") regarding several discovery disputes. (D.I. 124)[1] The Court, having considered the parties' letter briefs, (D.I. 123, 125, 126, 127), and having heard argument on October 29, 2018, HEREBY ORDERS as follows:

1. With regard to GSI's assertion that the Gondal Entities are "liable for the Gondals' discovery failures" in light of the Gondal Entities' purported position that "their knowledge is coextensive with that of the Gondals[,]" (D.I. 123 at 1), the Court will not reach

---

[1] The parties filed a joint motion seeking resolution of discovery disputes, because in addition to the disputes between Plaintiff and the Gondal Defendants, there are disputes between Plaintiff and Defendants Robert Stella, FCS Lending, LLC, Blue Grass Investments, LLC and The Gem School, Inc. (D.I. 122; D.I. 128) The Court has scheduled a discovery dispute teleconference on November 14, 2018 to address these disputes, and thus will not address them further here.

such a conclusion at this time and thus DENIES the request without prejudice. GSI included only two sentences relating to this position in its letter briefing, and those sentences were wholly unsupported by citation to any facts, record evidence or supporting caselaw. To the extent that GSI wishes to press this issue in the future, it shall raise it by motion with an accompanying brief in compliance with Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 7.1.2.

2. With respect to GSI's request that the Court compel the Gondals to provide responses to GSI's Second Set of Requests for Production ("RFPs") and to GSI's First Set of Interrogatories, (D.I. 123 at 1), the Court GRANTS the request. The Gondals apparently have not provided any written responses to the RFPs and have an obligation to do so. Additionally, with regard to the interrogatories, the Gondals responded to virtually all of them by simply writing "[a]lready [p]rovided or have no access to it" or "[a]lready [p]rovided or don't remember" or by occasionally stating "[p]lease refer to my [d]eposition." (*Id.*, ex. A) GSI is entitled to fulsome responses to these interrogatories, and the Gondals' responses are insufficient. By no later than **November 27, 2018**, the Gondals shall provide responses to GSI's RFPs and supplemental responses to GSI's interrogatories. As to the former, the Gondals should ensure that their responses to the RFPs specify which particular documents are responsive to each individual RFP. *See, e.g., Reyes v. Red Gold, Inc.*, No. CIV A B-05-191, 2006 WL 2729412, at *2 (S.D. Tex. Sept. 25, 2006); *Excess Risk Underwriters, Inc. v. Baltimore Life Ins. Co.*, CASE NO.: 05-22632-CIV-ALTONAGA/Turnoff, 2006 WL 8433246, at *1 (S.D. Fl. July 14, 2006). And as to the latter, in responding to the interrogatories: (1) where the Gondals previously suggested that responsive material is found in a deposition, they should provide a narrative response to the question first, and then augment that response by citing to the specific

portion of the relevant deposition transcript; and (2) where the Gondals previously suggested that they had "[a]lready [p]rovided" a response, they should do their best to provide a narrative answer (to the extent they can recall what the correct answer is) that explains what it is that they had "[a]lready" said on the subject. *See* Fed. R. Civ. P. 33(b)(3).

3. With respect to GSI's request that the Gondals be compelled to: (1) retrieve and produce responsive emails from @thegemschool.com e-mail accounts; (2) retrieve and produce responsive documents from the laptop that Mr. Gondal removed from The Gem School; and (3) retrieve and produce responsive e-mails from the other e-mail addresses that Mr. Gondal used during the relevant time period, (D.I. 123 at 1-4), counsel for the Gondal Entities indicated that she would follow up with Mr. Gondal with regard to these issues. Among these suggested follow-up items were that counsel and the Gondals would further discuss whether: (1) Mr. Gondal has access to the "copy of [the laptop's] hard drive [that he had] made[,]" (D.I. 127 at 2); and (2) the Gondals would be amenable to having a third-party vendor access their computer(s) to search for responsive e-mails (at GSI's expense). Accordingly, the Court hereby ORDERS that by no later than **November 27, 2018**, the parties shall: (1) meet and confer; and (2) submit a joint status report of no more than two single-spaced pages that informs the Court whether there remains a dispute regarding these issues and (if so) provides the parties' positions as to that remaining dispute.[2]

Dated: November 9, 2018

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

[2] With respect to GSI's requests for e-mails from the @thegemschool.com accounts, the Court is not sure that a live dispute remains, in light of the Gondals' representations that they no longer have access to such accounts. (D.I. 126 at 1) To the extent that GSI believes that it can make a case for discovery sanctions against the Gondals regarding this issue, it may file such a motion at the appropriate time.

3